# NORTHERN DEPARTMENT.

### PRESENT:

HON. JOHN H. MAHAN,. PRESIDING JUDGE.
HON. ABIJAH WELLS, } ASSOCIATE JUDGES.
HON. SAMUEL W. McELROY,

### R. B. BRURY v. CATHERINE SMITH.

#### No. 289.

1. JUDICIAL SALE—*Confirmation not Res Judicata.* An order confirming a sheriff's sale is not conclusive on the question of homestead rights in the realty, where that question, although raised, was ignored.

2. PRACTICE, COURTS OF APPEALS—*Assignment of Error.* A party cannot assign as error the admission of evidence called out by his own questions.

3. HOMESTEAD AND EXEMPTIONS—*Temporary Absence.* A widow who, after her husband's death, temporarily removed from her farm, and endeavored to support herself and children, but returned, her farming utensils having remained there meanwhile, did not thereby abandon her homestead.

Error from Doniphan district court; J. F. THOMPSON, judge. Opinion filed May 4, 1898. Affirmed.

*J. P. Adams,* for plaintiff in error.

*J. J. Baker,* for defendant in error.

PER CURIAM : The defendant in error began this cause in the district court of Doniphan county to quiet her title to land situated therein, which the plaintiff in error claimed to have purchased at sheriff's sale. The only question involved in the case is, Was the land the homestead of the defendant in error, and therefore exempt at the time of the levy and sale ?

The first specification of error is that the court erroneously sustained the plaintiff's demurrer to the second count of the defendant's answer.   This count of the answer was a plea of estoppel by judgment, and the question involved is whether an order confirming a sale, against the contention of the plaintiff that the sale ought not to be confirmed because the property was her homestead, is such an adjudication as concludes her.   The court, in confirming the sale, found and adjudged that the proceedings of the sheriff in making the levy and sale were regular and for that reason ought to be confirmed, apparently ignoring the question of the homestead right of the defendant in error.   In other words, her right to a homestead in the land was not adjudicated.   Such an order has been held by our supreme court not to be *res judicata*. ( *Gapen v. Stephenson*, 17 Kan. 613. )   The facts alleged in the second count in the answer constituted no defense to the plaintiff's petition.

The second assignment of error is that the court erroneously admitted testimony in behalf of the defendant in error.   Upon an examination of the record, it appears that the questions and answers copied in counsel's brief were propounded by himself on behalf of his client, and not objected to by defendant in error.   He has no cause to complain of the court's admitting evidence at his own suggestion.

The third assignment is that the judgment is not sustained by the evidence and is contrary to law. There is sufficient evidence in the record, as we find upon examination, to sustain the finding and judgment of the court that the land was the homestead of the defendant in error.   It is contended that because the plaintiff left the farm temporarily, with her two infants, after the decease of her husband, and went to

Atchison, where she endeavored for a time to earn a living for herself and children, and because she went to Falls City, Neb., temporarily, for a like purpose, that she had therefore abandoned her homestead in the land. But it appears from the evidence that her absence from the farm was merely temporary. The fact that her farming utensils remained on the farm all the time supports her contention that it was her intention to return thereto and retain her homestead right therein. Preservation of the homestead for the family is considered of more importance than the payment of debts. (*LaRue v. Gilbert*, 18 Kan. 220.)

The seventh assignment of error is that the court denied the defendant's motion for a new trial. There is nothing pointed out in the record by brief or argument of counsel which was a valid ground under the the statute on which to sustain said motion. The conclusion of the court is well sustained by the evidence, is eminently just, and is affirmed.