## UNITED STATES v. STANDARD SPRING MFG. CO.

District Court, D. Minnesota, Fourth Division. October 15, 1927.

No. 1924.

1. **Internal revenue ⬉=>11—Sale of leaf springs to persons not manufacturers, for use on particular automobiles, held taxable (Act Feb. 24, 1919, § 900, subd. 3 [Comp. St. § 6309⅘a]).**

Leaf springs manufactured and sold to persons other than automobile manufacturers, for use on particular automobiles, held subject to sales tax, under Act Cong. Feb. 24, 1919, § 900, subd. 3 (Comp. St. § 6309⅘a), and refund thereof by Commissioner of Internal Revenue was unauthorized, erroneous, and illegal.

2. **Internal revenue ⬉=>36—United States can recover refund of sales tax erroneously made (Act Feb. 24, 1919, § 900, subd. 3 [Comp. St. § 6309⅘a]).**

United States can recover a refund of sales tax erroneously made, under Act Feb. 24, 1919, § 900, subd. 3 (Comp. St. § 6309⅘a).

3. **Judgment ⬉=>587—Judgment against government, suing to recover unpaid tax, held not to estop it in subsequent action to recover tax erroneously refunded (Act Feb. 24, 1919, § 900, subd. 3 [Comp. St. § 6309⅘a]).**

Judgment against government in its action to recover sales tax assessed under Act Feb. 24, 1919, § 900, subd. 3 (Comp. St. § 6309⅘a), brought on theory that it was for recovery of tax for which defendant was liable, but had not paid, *held* not to create estoppel against its subsequent action to recover a refund erroneously made.

Action by the United States against the Standard Spring Manufacturing Company. Judgment for the United States.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and Leland W. Scott, Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

Orren E. Safford (of Shaw, Safford, Putnam & Shaw), of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. The court, having heard the testimony introduced and the arguments of counsel, and being advised in the premises, makes the following findings of fact:

I. That at all times hereinafter mentioned the plaintiff was and now is a corporation sovereign and body politic; that the Standard Spring Manufacturing Company was and is a corporation having its post office address and principal place of business at Minneapolis, Minn., within the judicial district of Minnesota, and within the jurisdiction of this court.

II. That the defendant Standard Spring Manufacturing Company was during the year 1919, and in particular the months of March to November of said year, inclusive, the manufacturer of parts and accessories for automobiles, to wit, leaf springs, and engaged in the business of selling the same to persons other than the manufacturers of automobiles.

III. That pursuant to the provisions of the Act of Congress approved February 24, 1919, entitled "An act to provide revenue and for other purposes," and in particular section 900, subdivision 3 thereof (Comp. St. § 6309⅘a), the Standard Spring Manufacturing Company was required to make a return

of all sales of leaf springs by it, and to pay a tax on such sales at the rate of 5 per cent. of the price for which they were sold; that during the months of March to November, 1919, inclusive, the defendant sold leaf springs for a total price upon which a tax of $2,459.27 was required to be paid; that the sum of $2,459.27 was by defendant duly paid to plaintiff through its collector of internal revenue for the district of Minnesota.

IV. That thereafter, and on August 8, 1922, plaintiff's Commissioner of Internal Revenue addressed and published a letter and ruling to the Leaf Spring Manufacturers' Association, Richmond, Ind., wherein and whereby the said Commissioner ruled that "vehicle leaf springs, as distinguished from highly specialized leaf springs, such as auxiliary shock-absorbing devices using the leaf-spring principle, which are not primarily adapted only for use as a component part of an automobile or motorcycle, are not subject to tax under section 900 of the Revenue Acts of 1918 or 1921."

V. That thereafter defendant filed with plaintiff's collector of internal revenue for the district of Minnesota its claim for refund of the taxes paid as aforesaid; that the reason assigned for said claim for refund, and the basis thereof, was the letter and ruling of plaintiff's Commissioner of Internal Revenue aforesaid, a copy whereof was attached to and made a part of said claim for refund; that plaintiff's Commissioner of Internal Revenue approved and allowed said claim for refund on the 23d day of August, 1923, on the authority of the letter and ruling of August 8, 1922, aforesaid.

VI. That thereafter, and on September 24, 1923, plaintiff's Treasury Department refunded and paid to defendant said sum of $2,459.27; that although duly demanded so to do, defendant has refused to and still refuses to pay to plaintiff the said sum of $2,459.27, or any part thereof.

VII. That the leaf springs manufactured by defendant and sold by it during the months of March to November, 1919, inclusive, the sales of which were returned by defendant as taxable, and upon which it paid the tax as aforesaid, were manufactured and adapted by defendant for use on particular automobiles, and were parts and accessories of automobiles, and were sold to persons other than the manufacturers of automobiles, all within the meaning of section 900, subdivision 3, of the Act of Congress approved February 24, 1919, aforesaid.

As conclusions of law I find that the ac-

tion of plaintiff's Commissioner of Internal Revenue in allowing the refund herein found and the payment thereof to defendant out of the Treasury of the United States was unauthorized, erroneous, and illegal.

Wherefore it is ordered that plaintiff have judgment against defendant for $2,459.27, together with interest from September 24, 1923, at 6 per cent. per annum, and for its costs and disbursements herein.

### Memorandum.

There are only two questions involved in this case: (1) Whether the United States can recover a refund of a tax made in error. (2) Whether the judgment in a former suit brought by the United States against the defendant, on the theory that it had failed to pay the tax refunded, creates an estoppel.

[1, 2] The obligation to pay the tax referred to in this case was created by the laws of the United States. No officer of the government could waive the right of the government to receive the tax or could refund the tax when paid. It was conclusively established in this case that the Commissioner of Internal Revenue erroneously allowed the claim for a refund, and that the defendant received from the government $2,459.27, by virtue of that allowance, which it was not entitled to. The law therefore implies an obligation to return this money illegally refunded.

[3] The second question is covered by the case of National Surety Co. v. Jenkins (C. C. A.) 18 F.(2d) 707, in which the following language appears:

"The cause of action asserted by the National Company in the former suit was predicated upon its alleged right of subrogation. The cause of action sought to be enforced by the National Company in this case is predicated upon its contract of indemnity. It is a cause of action which is wholly independent of, and entirely separate and distinct from, the alleged cause of action asserted by the National Company in the former suit. Since the National Company seeks relief in the instant case upon a different and distinct cause of action from the one asserted by it in the former suit, the judgment in the former suit is conclusive only as to such points or questions as were actually in issue and adjudicated therein."

The cause of action asserted by the government in the former suit against the defendant was for the recovery of a tax which it was asserted the defendant was liable to pay, but had not paid. The evidence showed that the tax had been paid, but had been er-

roneously refunded. It is apparent, therefore, that the government could not recover on the cause of action asserted, and its complaint was dismissed for that reason. It thereupon commenced this suit to recover the refund erroneously made. It is not estopped by the judgment in the former action.