**PANN v. UNITED STATES.**
**No. 6135.**

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1930.

Frank G. Falloon and George B. Ross, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter, Asst. U. S. Atty., both of Los Angeles, Cal., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Alva C. Baird, Sp. Atty., Bureau of Internal Revenue, of Los Angeles, Cal., for the United States.

**322**

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

 This action was brought by the government against William P. Pann, Jane Doe Pann, and Helen Donald to collect income tax and excess profit tax, based upon the returns of the Angeles Brokerage Company, a corporation, amounting to $1,435.03. It is alleged that the corporation had ceased doing business and dissolved subsequent to December 31, 1919, and that upon the dissolution its property was sold and distributed among the defendants, stockholders, leaving the corporation without assets. The defendants joined in an answer admitting the incorporation of the Angeles Brokerage Company, alleging that the corporation never did any business and never functioned as a corporation and that it had lost its right to exist by virtue of noncompliance with certain laws of the state of California. It is admitted that defendants William P. Pann and Helen Donald were stockholders in the company, but denied that Elizabeth I. Pann, sued as Jane Doe Pann, ever held any stock in the corporation. It is denied that the stockholders ever received any of the corporate assets of the company. It is alleged that the defendant William P. Pann registered the corporate name as a fictitious name to be used by him in doing business, and that he did business under that name and made a mistake in filing income tax return on behalf of the corporation, and that the income returned was the income not of the corporation but of William P. Pann. Thus, the principal issue tendered by the answer was whether or not the corporation ever acquired or disposed of any assets whatever. The appellant testified that the corporation had no assets and that he now owned the assets which were listed by him as belonging to the corporation in his income tax returns. He testified that upon the organization of the company its 500 shares of stock were issued without consideration and he received 490 shares of the stock and defendant Donald 10 shares. Appellant, on October 11, 1919, as president of the Angeles Brokerage Company, made a financial statement to the Bank of Italy giving its assets as $76,780.57 and its liabilities as $44,-646.40; made a similar statement as president showing assets of $118,416.77; made a corporation and excess profit tax return to the government February 28, 1918, showing an income of $12,076.11 and a capital of $9,995.32. This return was executed by the appellant as president and Helen Donald as treasurer. In July, 1923, appellant addressed a letter to the Commissioner of Internal Revenue and claimed that the income tax return was erroneous, that the property therein listed was not the property of the corporation, but of the appellant trading under a fictitious name, to wit, that of the corporation. In the return of tax income for the calendar year 1919, executed and sworn to by the appellant as president of the corporation, and by his codefendant, Helen Donald as treasurer, the income of the business conducted by appellant was returned as income of the corporation. This evidence clearly justified the conclusion that the appellant conducted his business through the corporation and recognized the property described in these returns as the property of the corporation. He alleges that the corporation has dissolved and he has possession of and claims as his own all the assets of the corporation. Under these circumstances it is well established that the appellant was liable for the tax upon the corporate income where the property received by him is in excess of that tax. United States v. Garbutt (C. C. A.) 35 F.(2d) 294, and cases therein cited; United States v. Updike (C. C. A.) 8 F.(2d) 913. This right is assumed, if not decided, in United States v. Updyke, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984, and Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255.

 Appellant seems to concede this, but contends that the judgment should require him to pay the tax from property received by him from the corporation. This position cannot be maintained. The liability of the appellant to the government is based upon the proposition that he has acquired and utilized property of the corporation liable for the tax in excess of the amount of the tax.

 It is also contended that the judgment should have been against the defendant as trustee for the corporation. This claim is based on the proposition that under the California law (Stats. of Cal., 1915, p. 422) with relation to the suspension and dissolution of corporations for nonpayment of license tax the directors thereupon become the trustees of the corporation and hold the property as such trustees until such time as the corporation is revived by payment of the tax or its affairs wholly liquidated. This contention entirely overlooks the fact that this action is based upon the claim that the appellant as a stockholder of the corporation has actually received as a stockholder the property of the corporation in which it held stock.

In his brief appellant contends that the statute of limitations has barred the action. On the argument he conceded that the action was not barred by the statutes.

Affirmed.