## LEVY et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6299.

Circuit Court of Appeals, Ninth Circuit.
April 13, 1931.

A. George Bouchard, of Los Angeles, Cal., and Charles F. Blackstock, of Oxnard, Cal., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals redetermining a deficiency in estate taxes. There is no controversy over the facts. Achille Levy, a resident of the state of California, died testate February 20, 1922, leaving a surviving wife. All property owned by the decedent and his wife at the time of his death was acquired during coverture, and was community property under the laws of the state. The petitioners, as executors of the will of the decedent, filed with the collector of internal revenue at Los Angeles, Cal., on February 16, 1923, a federal estate tax return for the estate, disclosing a net estate of $1,568,432.71 and a tax of $109,711.92. The Commissioner of Internal Revenue assessed the tax due on the return, and the same was paid by the executors on the date of filing. In determining the gross estate subject to the federal estate tax, the executors included the entire value of the community property belonging to the decedent and his wife. Some time after the payment of the tax, the petitioners filed with the Commissioner a claim for a refund, upon the ground that, in determining the gross estate for federal tax purposes, the value of the entire community estate was erroneously included. Some time prior to April 14, 1925, the Commissioner made certain changes in the return, increasing the value of the net estate from $1,568,432.71 to $1,742,211.86. The estate tax, amounting to $43,858.37, was then assessed on one-half thereof, and a refund ordered of $65,853.55, being the difference between the amount originally paid and the amount of the tax as determined by letter of the above date. The refund thus authorized was paid on June 25, 1925. Thereafter, on August 11, 1926, following the decision of the Supreme Court in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285, the Commissioner redetermined

a deficiency in estate taxes in the sum of $86,707.05, and on the same day mailed to the petitioners a so-called deficiency letter which disclosed the method of computation by which the deficiency was ascertained and determined. The Commissioner determined a total tax liability of $130,565.42, which was arrived at by deducting from the tax paid in the first instance the amount which had previously been refunded and giving credit for the balance, leaving a deficiency of $86,707.05. From this redetermination the petitioners appealed to the Board of Tax Appeals, where the decision of the Commissioner was sustained. Hence the present petition.

On the foregoing facts the petitioners contend that, in determining a deficiency, the Commissioner cannot include in such determination a refund previously made to the taxpayer, even though the refund was made erroneously and without authority of law. With this contention we are unable to agree. Section 307 of the Revenue Act of 1926 (26 USCA § 1100), defines a deficiency as follows: "The amount by which the tax imposed by this chapter exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax."

Under the law, we entertain no doubt as to the power of the Commissioner to redetermine the deficiency on August 11, 1926. Austin Co. v. Commissioner of Internal Revenue (C. C. A.) 35 F.(2d) 910. By that redetermination, the amount of the estate tax was fixed in a sum considerably in excess of the amount of the tax as disclosed by the original return, and from the amount thus fixed was deducted the amount paid and retained on account of the tax, ignoring for all practical purposes that portion of the tax which had been paid and wrongfully refunded. The course thus pursued was expressly authorized by the statute. If the Commissioner was without authority to do this, the deficiency found to exist, because of the fact that the tax paid on the original return was not sufficient in amount, would have to be collected by distraint or suit, as in other cases, and an independent suit would be necessary to recover the amount of the erroneous refund. This would necessitate two proceedings to collect a single tax from a single estate, without any corresponding benefit to either the government or the taxpayer; and the avoidance of such a multiplicity of suits would seem to have been one of the objects of the above section.

In Kelley v. United States (C. C. A.) 30 F.(2d) 193, cited by the petitioners, the executrix paid the estate tax on the entire community estate, and a refund was made by the Commissioner because of a supposed error in including the entire community estate as a part of the net estate for tax purposes. Up to this point the two cases are analogous, but there the analogy ends. In the Kelley Case the Commissioner did not redetermine the amount of the tax or deficiency, but contented himself by simply making a formal demand on the appellee to pay the amount of the refund. Suit was thereupon instituted by the United States to recover the amount of the refund as a tax and to foreclose the tax lien. Under these facts, we held that the payment of the tax discharged the tax lien, that the refund of the tax did not restore it, and that the sole remedy of the government was an action at law against the executrix for money had and received. This was the only question determined, but in reference to a deficiency we said: "There was some discussion on the argument as to the meaning of a deficiency as defined in the revenue laws, but the entire tax imposed by the government was paid, and, if there was no tax, there could in the nature of things be no deficiency. Section 307 of the Revenue Act of 1926 (26 USCA § 1100), in defining a deficiency, refers to amounts previously abated or refunded or otherwise repaid, but such amounts can only be deducted from an existing tax, and, where there is no tax, there can be no deductions."

In that case the government had an unquestionable right to recover the unauthorized refund in an action for money had and received, and whether the Commissioner had a concurrent right to redetermine a deficiency was not directly involved. The Kelley Case has been followed in other jurisdictions [United States v. Standard Spring Mfg. Co. (D. C.) 23 F.(2d) 495; Champ Spring Co. v. United States (D. C.) 38 F.(2d) 988], but whether in such a case a deficiency can be redetermined for the sole purpose of recapturing an unauthorized refund we need not determine.

On the argument before this court, the petitioners refused to concede that the refund was unauthorized; but that is no longer an open question under the laws of California as they stood at the time of the death of the decedent. United States v. Robbins, supra;

Talcott v. United States (C. C. A.) 23 F.(2d) 897; Kelley v. United States, supra.

The decision of the Board of Tax Appeals is affirmed.