## UNITED STATES v. WOOLNER DISTILLING CO.
### No. 2352.

District Court, S. D. Illinois, N. D.
June 30, 1931.

Marks Alexander, Asst. U. S. Atty., of Springfield, Ill.

Weil, Bartley & Weil, of Peoria, Ill., for defendant.

FITZHENRY, District Judge.

This is an action by the United States against the Woolner Distilling Company, a corporation, to recover $2,457.96, plus interest thereon from February 19, 1923. It is not a suit to collect any sum as unpaid taxes, but is an action for money had and received, which money was erroneously, mistakenly, or illegally paid out of the public treasury to defendant through mistake, or error of the administrative officers of the government.

The parties waived trial by jury, and the

case was submitted to the court without a jury upon a written agreed statement of facts and the documents made exhibits thereto.

On February 19, 1923, defendant, as successor corporation and the real party then in interest, received a refund of an allowance of overpayment of the 1918 income taxes of its dissolved subsidiary, the Duquesne Distributing Company, in the sum of $5,994.-86. At that time the dissolved corporation owed its 1917 income tax of $2,457.96. Its 1917 return had been filed April 1, 1918, and the 1917 tax in question was assessed September 16, 1918. The five-year period of limitation under section 250(d) of the Revenue Act of 1921 (42 Stat. 264), within which that 1917 assessment could have been collected by suit, credit, distraint, or otherwise, had not expired when the 1918 refund was made and did not expire until April 1, 1923.

Because of errors made in the office of both the collector and the Commissioner of Internal Revenue, the Bureau of Internal Revenue failed to enter upon its accounts with the taxpayer the credit of the 1918 overpayment in satisfaction and discharge of the then outstanding and legally collectible 1917 tax, which credit was accomplished in law and in fact under the mandatory provisions of section 252 of the Revenue Act of 1921 (42 Stat. 268) when the allowance of overpayment of 1918 tax now in question was made by the Bureau. This resulted in a payment to defendant out of the United States treasury of the sum of $2,457.96, which plaintiff claims defendant was not entitled either to receive or to retain.

The administrative officers of the Bureau failed to make the necessary bookkeeping entries which would have insured the refund being reduced to the amount of net overpayment of taxes for both years involved. That error was made in the face of a letter from the taxpayer's counsel dated January 2, 1923, in which the taxpayer expressly recognized the authority and duty of the Bureau to satisfy the 1917 tax out of the 1918 overpayment and requested it to do so in adjusting the refund for 1918.

This action was commenced to recover the excessive and illegal refund, on March 15, 1927, and at a time when there was no statutory period of limitation applicable to such actions. The limitation for the commencing of such actions which was first enacted under section 610(b) of the Revenue Act of 1928, approved May 29, 1928 (26 USCA §.2610-(b), contains a saving clause which expressly saves this action from the bar of limitation because it was pending before May 1, 1928.

The questions presented are as follows:

1. When an officer of the United States makes a refund of taxes under a mistaken idea of the law or the facts, may the United States recover by suit the amount so paid; and is there any limitation upon the United States for the commencement of such suit, where it was instituted prior to May 1, 1928?

2. Was the payment by plaintiff to defendant in 1923 of the sum of $5,994.86 based, to the extent of $2,457.96, on such mistake of fact that the plaintiff can now recover said sum of $2,457.96 from defendant?

3. Is the recovery of said sum in this action now barred, inasmuch as proceedings to enforce said 1917 tax liability of Duquesne Distributing Company were not commenced within five years of the filing by Duquesne Distributing Company of its income tax return for the year 1917?

The first part of the question No. 1 must be answered in the affirmative and the second part in the negative. The second question must be answered in the affirmative; and the third in the negative, for the reason that this is not a proceeding to collect the income tax of the Duquesne Distributing Company for the year 1917.

■ In this case, when it had been determined there had been an overpayment of the tax for the year 1918, in the sum of $5,994.-86, and the proper certificate made to the collector of internal revenue in Pennsylvania, the tax for the year 1917 became paid by operation of law and the amount due, $2,-457.96, should have been deducted from the amount of the overpayment, a proper certificate made back to the Commissioner, and the refund check would then properly have been issued for the balance due the claimant.

■ It is a misapprehension to regard this suit as a suit now to recover the income tax for the year 1917. There was a clear mistake, in fact, made by the officers of the government when they vouchered the refund for the full amount found to have been overpaid for the year 1918.

The law and the rules and regulations relative to the collection of income taxes require that particular line of procedure, and not only the collector and Commissioner were bound by it, but also the taxpayer to whom the refund was made.

Government officers are required to act within the law. The Supreme Court, in Wisconsin Central R. R. Co. v. United States, 164 U. S. 190, 17 S. Ct. 45, 51, 41 L. Ed. 399, said: "As a general rule, and on grounds of public policy, the government cannot be bound by the action of its officers, who must be held to the performance of their duties within the strict limits of their legal authority, where, by misconstruction of the law under which they have assumed to act, unauthorized payments are made. Whiteside v. United States, 93 U. S. 247 [23 L. Ed. 882]; Hawkins v. United States, 96 U. S. 689 [24 L. Ed. 607], and cases before cited. The question is not presented as between the government and its officer, or between the officer and the recipient of such payments, but as between the government and the recipient, and is then a question whether the latter can be allowed to retain the fruits of action not authorized by law, resulting from an erroneous conclusion by the agent of the government as to the legal effect of the particular statutory law under or in reference to which he is proceeding."

In Sutton v. United States, 256 U. S. 575, 41 S. Ct. 563, 65 L. Ed. 1099, 19 A. L. R. 403, the court adhered to this doctrine.

Prior to the passage of the Revenue Act of 1928, the government could either recover by suit upon common counts, or counterclaim where a refund of taxes was made through mistake or error of law or fact upon the part of the administrative officers of the treasury. Talcott v. United States (C. C. A.) 23 F.(2d) 897, certiorari denied 277 U. S. 604, 48 S. Ct. 601, 72 L. Ed. 1011; Kelley v. United States (C. C. A.) 30 F.(2d) 193; United States v. Bartron (D. C.) 35 F. (2d) 765; United States v. Standard Spring Mfg. Co. (D. C.) 23 F.(2d) 495; Champ Spring Co. v. United States (D. C.) 38 F. (2d) 988.

Section 610(b) of the Revenue Act of 1928 does not bar this action, it having been commenced before May 1, 1928. It was expressly excluded. As this is not a suit to collect a tax, statutes of limitation for the collection of taxes do not apply. Talcott v. United States, supra.

It is clear that the controversy presented by this suit is due to the interpretation placed upon the law by the defendant in holding that this is an action to recover unpaid income tax for the year 1917, which, of course, was barred if not paid or collected within five years. The money refunded to the defendant for the year 1918 was in the hands of the government before the bar of the five-year statute of limitation had run, and this fact operated as the payment of the taxes for the prior year 1917.

Judgment will be for the plaintiff.