### BAUMGARTNER v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 6379.

Circuit Court of Appeals, Ninth Circuit.

July 20, 1931.

Rehearing Denied Sept. 14, 1931.

Chickering & Gregory and Walter C. Fox, Jr., all of San Francisco, Cal., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and John H. McEvers, Sp. Asst. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This is a proceeding to review an order of the Board of Tax Appeals. 21 B. T. A. 623. The petitioner challenges the constitutionality of section 316 of the Revenue Act of February 26, 1926 (26 USCA § 1119), and also (a) preclusion of proceeding against the distributee, or transferee, without first having exhausted civil remedy against the estate; (b) recovery from petitioner by reason of erroneous determination with relation to deficiency tax in 1925; and (c) that the assessment against petitioner's liability is barred. Decedent died August 1, 1921. Executrix filed return April 20, 1922. The estate was distributed to petitioner, except $5,000 to another, December 27, 1922. Commissioner served notice of redetermination March 12, 1923. Claim in abatement was filed February 18, 1925, and allowed in part. The tax on the estate was due August 1, 1922. Four years from due date was August 1, 1926. The Act of 1926 was passed on February 26, 1926. On February 14, 1927, respondent served notice of proposed deficiency assessment.

At the outset it may be said that petitioner, as distributee, bears the same relation and status to this assessment as her beneficiary, except as to the bar, or limitations. That was extended as to her for one year by section 316, supra (section 1119, title 26, USCA); i. e., to August 1, 1927. When the tax was determined the estate had been distributed, execution would have been fruitless, legal remedies were exhausted upon distribution of the estate, and the lien may be asserted in equity. Tappan v. Evans, 11 N. H. 311; Holt & Chambers v. Bancroft, Betts & Marshall, 30 Ala. 193. The tax is not a debt in a strict sense, and the petitioner, as distributee, held the property in trust until the revenue claims were satisfied, and the government's claim followed the res. Updike v. United States (C. C. A.) 8 F.(2d) 913; United States v. Fairall (D. C.) 16 F.(2d) 328; Pann v. United States (C. C. A.) 44 F.(2d) 321; Hatch v. Morosco Holding Co. (C. C. A.) 50 F.(2d) 138, decided May 18, 1931, C. C. H. Fed. Tax Service, p. 8610.

Commissioner v. Wire Wheel Corporation of America (C. C. A.) 46 F.(2d) 1013, is clearly distinguishable from the instant issue, because made pursuant to a special statute prohibiting suit against a merging corporation for debts of the merged, without judgment unsatisfied.

Nor is the erroneous determination of deficiency in 1925 a bar to additional assessment. The yardstick by which revenue taxes are measured is the United States revenue laws, and not the acts of government officers. Couzens v. Commissioner, 11 B. T. A. 1040. The Congress provides the formula, "and did not intend to intrust the final settlement * * *. to the informal action of subordinate officials in the Bureau." Botany Worsted Mills v. U. S., 278 U. S. 282, 49 S. Ct. 129, 131, 73 L. Ed. 379 (26 USCA § 158; section 3229, Rev. St.). Until the revenue tax liability fixed by law is fully settled, deficiency may be assessed any time within the period of limitations. The "undisputed facts" claimed by the petitioner do not enlarge any right or privilege under the law and the decisions. Holmquist v. Blair (C. C. A.) 35 F.(2d) 10; Austin Co. v. Commissioner (C. C. A.) 35 F.(2d) 910; Oak Worsted Mills v. United States (Ct. Cl.) 38 F.(2d) 699; McIlhenny v. Commissioner (C. C. A.) 39 F.(2d) 356. Nor is the deficiency assessment out of time. Section 401 of the Revenue Act of 1918 (40 Stat. 1057, 1096) imposes a tax upon the transferee of the net estate of the decedent after passage of the act, and section 406 (40

Stat. 1099) fixed the due date for such tax after one year of decedent's death. The act of 1921, § 1322 (42 Stat. 315), provides that taxes as in issue shall be assessed within four years after such tax became due, except that fraudulent attempt to evade the tax may be assessed any time. Section 316 of the Act of 1926 provides a new remedy for enforcing existing liability. At the time of the enactment of this section a fixed right obtained. Section 316 (1119), supra, "provides a new remedy for enforcing existing liability and extends the statute of limitations for an additional year in case of distributee." This section or act did not change the right, but did enlarge the remedy, which the Congress had power to do. Petitioner, as distributee, is equitably liable for deficiency taxes due from the estate of the deceased, limited as stated ante, because after distribution of the discovered estate it was not solvent on its "face."

In Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289, decided by the Supreme Court May 25, 1931, the procedure was held constitutional, and this is in harmony with that case. After the assets of an estate have been distributed a claim, or the actionable demand, is recoverable from the distributees of the estate to the extent of the distributed property. Rankin v. City of Big Rapids (C. C. A.) 133 F. 670. Analogous in principle is case where a corporation divests itself of all its assets by distribution to its stockholders. The stockholders are liable. Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697. And the government may by suit in equity follow the assets of the dissolved corporation into the hands of the stockholders. United States v. Garbutt (C. C. A.) 35 F.(2d) 924; Pann v. United States (C. C. A.) 44 F.(2d) 321.

The aim in the one case, as the other, is to enforce a tax liability. United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984; see, also, Huntley v. Gile (C. C. A.) 32 F.(2d) 857; Levy v. Commissioner (C. C. A.) 48 F.(2d) 725. No vested right in property free from tax accrues to the taxpayer until after the payment of the tax or after the limitation for the collection of a valid tax. Notice of this assessment having been given within five years after the expiration of the one year provision with relation to the estate (i. e., within six years from death of testator); the assessment is not avoided by W. P. Brown & Sons Lumber Co. v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343. To discuss, apply, or distinguish the numerous decisions could serve no useful purpose.

The order is affirmed.