**WHITE, Collector of Internal Revenue, v. HORNBLOWER et al.**

Circuit Court of Appeals, First Circuit.
August 27, 1928.

No. 2217..

1. **Internal revenue** ⟨⟩19(1)—Taxability of certificates of interest issued by trustees of corporation depends on whether trust constituted "association" conducting business for profit (Revenue Act 1918, § 1100 [Comp. St. § 6318i], and § 1107, Schedule A–3 [Comp. St. § 6318p, Schedule A–3]; Revenue Act 1921, § 1100 [Comp. St. § 6318i], and § 1107, Schedule A–2 [Comp. St. § 6318p, Schedule A–2]).

Taxability of certificates of interest issued by trustees of corporation depends on whether trust constituted an "association," under Revenue Act 1918, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–3 (Comp. St. § 6318p, Schedule A–3), and Revenue Act 1921, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–2 (Comp. St. § 6318p, Schedule A–2), not whether it was strict trust under the Massachusetts law; determining factor not being measure of control over trust vested in beneficiaries, but whether trustees are conducting business for profit, in quasi corporate form.

2. **Internal revenue** ⟨⟩19(1)—Powers of holders of certificates issued by trustees of corporation are significant, in determining taxability of certificates, only as showing association for profit (Revenue Act 1918, § 1100 [Comp. St. § 6318i], and § 1107, Schedule A–2 [Comp. St. § 6318p, Schedule A–2]; Revenue Act 1921, § 1100 [Comp. St. § 6318i], and § 1107, Schedule A–3 [Comp. St. § 6318p, Schedule A–3]).

In determining taxability under Revenue Act 1918, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–3 (Comp. St. § 6318p, Schedule A–3), and Revenue Act 1921, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–2 (Comp. St. § 6318p, Schedule A–2), of certificates of interest issued by trustees of corporation, powers of certificate holders and effect of trust deed as constituting partnership or strict trust are significant only as tending to show whether what interested parties did amounted to forming of association for carrying on business enterprise in quasi corporate form for profit or gain.

3. **Internal revenue** ⟨⟩19(1)—Trust organized to liquidate embarrassed corporation held not "association," and certificates of interest issued by trustees were not subject to stamp tax (Revenue Act 1918, § 1100 [Comp. St. § 6318i], and § 1107, Schedule A–2 [Comp. St. § 6318p, Schedule A–2]; Revenue Act 1921, § 1100 [Comp. St. § 6318i], and § 1107, Schedule A–3 [Comp. St. § 6318p, Schedule A–3]).

Where purpose of trust of real estate corporation was to liquidate embarrassed corporation, and trustees never owned any property, except securities deposited with them, nor took any part in management of company's affairs, and power to run corporation was limited by purpose for which trust was created, trustees did not carry on business enterprise, and trust was not an "association," defined by Regula-

tions of Treasury Department, and hence certificates of beneficial interest issued by trustees were not subject to stamp tax under Revenue Act 1918, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–2 (Comp. St. § 6318p, Schedule A–2), Revenue Act 1921, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–3 (Comp. St. § 6318p, Schedule A–3).

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Action by Henry Hornblower and others, trustees, against Thomas W. White, Collector of Internal Revenue. Judgment for plaintiffs (21 F.[2d] 82), and defendant brings error. Affirmed.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for plaintiff in error.

Felix Rackemann and Harrison M. Davis, both of Boston, Mass. (Dunbar & Rackemann, of Boston, Mass., on the brief), for defendants in error.

Before BINGHAM and JOHNSON, Circuit Judges, and MORTON, District Judge.

MORTON, District Judge. The question is whether certain certificates of interest, issued by the trustees of the Costilla Trust, were subject to the stamp tax imposed on certificates of stock by Revenue Act 1918, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–3 (Comp. St. § 6318p, Schedule A–3), and Revenue Act 1921, § 1100 (Comp. St. § 6318i), and section 1107, Schedule A–2 (Comp. St. § 6318p, Schedule A–2).

The Costilla Estate Development Company was a Delaware corporation organized to develop a tract of land in Colorado and New Mexico. It issued two series of mortgage bonds, and preferred and common stock. It also incurred large direct liabilities in the course of its business. It was unsuccessful, and got into financial difficulties. As the holders of its securities were widely scattered, it was deemed best by the various parties in interest to put all the securities into the hands of trustees, who would thus be in a position to work out the affairs of the company in the most direct and least expensive manner.

The plaintiffs below—whom we shall refer to as the plaintiffs—acted as such trustees. They received from various depositors most of the securities issued by the Costilla Company, and also certain claims against it, and they issued in return therefor their own certificates of five kinds (depending on the

security received), carrying different rights against the property in the trustees' hands. These are the certificates on which the stamp tax was exacted.

By the trust agreement the trustees were given full powers to act in the matter as their judgment might dictate. As owners of practically all securities issued by the corporation they controlled it completely, and they were authorized to continue, reorganize, or liquidate it, or to take over its business themselves. The purpose of the arrangement, as stated in the declaration of trust, was "taking such steps and measures as will insure the most prompt and efficient realization upon the values in the Costilla property and a winding-up of its affairs and the affairs of this trust." Vacancies in the office of trustees were to be filled by the remaining trustees. The provisions of the trust deed might be modified by the trustees, if assented to by a majority of the certificate holders. This was the only power relating to the management of the trust vested in the certificate holders. No property of the corporation was in fact transferred to the trustees. One of them went on the company's board of seven directors, but the corporation was left in possession and management of its assets. The trustees kept in touch with its affairs and conferred with its officers about them. The trustees have had no office, no income, and no expenses, except for traveling.

[1, 2] The taxability of the certificates depends on whether this trust constituted an "association" under the Revenue Act. That it was a strict trust under Massachusetts law is too clear for discussion. But this is no longer the test of taxability as an "association" under the federal statutes. The measure of control over the trust vested in the beneficiaries does not seem to be the determining factor, but rather whether the trustees are conducting a business for profit or gain. In Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, it was said that, as the trustees were "associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to be deemed associations within the meaning of the act of 1918." "We do not believe that it was intended that organizations of this character— described as 'associations' by the Massachusetts statutes, and subject to duties and liabilities as such—should be exempt from the excise tax on the privilege of carrying on their business merely because such a slight measure of control may be vested in the beneficiaries that they might be deemed strict trusts within the rule established by the Massachusetts courts." Sanford, J., 265 U. S. at page 161, 44 S. Ct. 468. See, too, Id., 265 U. S. 157, bottom, 160, 161, 44 S. Ct. 466, 468. This test was again applied in Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, at page 114, 46 S. Ct. 48, 70 L. Ed. 183. The powers of the certificate holders, and the effect of the trust deed—i. e., whether it constitutes a partnership or a strict trust—are significant only as they tend to show whether what the interested parties did amounted to forming themselves into an association for carrying on a business enterprise in quasi corporate form for profit or gain. See 3 Cook on Corporations (8th Ed.) pp. 2255, 2256.

[3] In the case before us the basic purpose of the trust was to liquidate an embarrassed corporation. The trustees never owned any property, except the deposited securities, nor took any part in the management of the company's affairs. Their activities were only such as naturally followed ownership of the securities which they held. This was not carrying on a business enterprise. Von Baumbach, Collector, v. Sargent Land Co., 242 U. S. 503, at page 516, 37 S. Ct. 201, 61 L. Ed. 460; and cf. The Wachusett Realty Trust, as described in the opinion in the Hecht Case at 265 U. S. 159, 44 S. Ct. 467, 68 L. Ed. 949. Moreover, this trust would not come within the definition of an "association" in the Regulations of the Treasury Department, which defines "association" as including an operating or business trust "where the trustees are not restricted to the mere collection of funds and paying them over to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of and are actually engaged in carrying on business enterprise." The power to take over and run the business of the Costilla corporation given to the trustees in the deed of trust is limited by the purpose for which the trust was created. It does not change the essential character or object of the trusteeship; i. e., liquidation, not continuing business activity.

In our opinion the trustees of the Costilla Trust were not an association under the acts in question and the certificates of beneficial interest which they issued were not subject to the stamp tax thereby imposed.

The judgment of the District Court is affirmed.

BINGHAM, Circuit Judge (concurring). If the Costilla Trust was an "association," either under the Massachusetts statute (Gen.

Laws Mass. c. 182, § 6), or according to the ordinary meaning of the term, I agree with the conclusion reached in the opinion of the court. But the Costilla Trust was a strict trust, and the Massachusetts court, in construing its statute, has held that a strict trust is not an "association," within the meaning of chapter 182, § 6, supra (Bouchard v. First People's Trust, 253 Mass. 351, 148 N. E. 895), and, being a strict trust, it clearly was not an association according to the ordinary meaning of the term. Such being the case, its certificates were not subject to the tax in question.

The trusts directly under consideration in Hecht v. Malley, 265 U. S. 144, 161, 44 S. Ct. 462, 468 (68 L. Ed. 949), were only such as are denominated " 'associations' by the Massachusetts statutes, and subject to duties and liabilities as such." Hecht v. Malley, 265 U. S. at page 161, 44 S. Ct. 468, supra. There is dictum in the opinion in the Hecht Case, based on the assumption that a strict trust is an association within the meaning of the Massachusetts statutes, that such a trust is an association taxable under the federal statutes. But this is a mistaken assumption. Bouchard v. First People's Trust, 253 Mass. 351, 148 N. E. 895.