### TAYLOR OIL & GAS CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.*
#### No. 5856.

Circuit Court of Appeals, Fifth Circuit.
Feb. 26, 1931.

George E. Shelley, of Austin, Tex., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and S. Dee Hanson, Sp. Asst. to Atty. Gen. (J. Louis Monarch and F. Edward Mitchell, Sp. Assts. to Atty. Gen., on the brief), for respondent.

*Rehearing denied April 10, 1931.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

FOSTER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals upholding a deficiency assessment of $34,398.83 against the Taylor Oil & Gas Company. 15 B. T. A. 609. There is no dispute as to the material facts, and it is conceded that, if the tax could be legally assessed against the company, the amount is correct.

The Taylor Oil & Gas Company, a Texas corporation, entered into negotiations with the Magnolia Petroleum Company for the sale of practically all its assets, including oil and gas leases, for $150,000. It was discovered that the income tax against the corporation would amount to between $30,000 and $40,000 if the sale was made by the company, and it was therefore decided to liquidate the corporation before the sale in order to evade the tax. On December 5, 1919, the Magnolia Petroleum Company submitted a proposition in writing to the board of directors of the Taylor Oil & Gas Company containing the following provisions: The consideration to be $150,000 in cash; the purchase to be consummated upon the dissolution of the Taylor Oil & Gas Company; the purchase to be considered effective as though completed on December 15, 1919; and the Magnolia Petroleum Company to be entitled to the oil produced on the property, and the proceeds thereof, on and after December 15, 1919. This proposition was never considered by the board of directors, but on January 16, 1920, the stockholders of the Taylor Oil & Gas Company met pursuant to call and adopted a resolution that the company be dissolved. On the same day the stockholders adopted another resolution authorizing the directors of the company to act as liquidating trustees for the corporation and the president and the directors to be trustees of the creditors and stockholders with full power to settle its affairs, collect the outstanding debts, and divide the moneys and other property of the corporation among the stockholders, after paying all the debts due and owing, and for this purpose to sell and convey in the name of the Taylor Oil & Gas Company all real and personal property belonging to the company, especially having full power and authority to sell to the Magnolia Petroleum Company. The next day, January 17, the necessary documents were executed to accomplish the dissolution, and these documents were filed with the secretary of state of Texas, on January 20, 1920, thereby

complying with all the formalities required by law. Six days later, January 26, 1920, a deed was executed by the said president and directors acting as trustees conveying all the real estate and substantially all the personal property of the Taylor Oil & Gas Company to the Magnolia Petroleum Company for $150,000 in cash. In the meantime an account had been opened on the books of the company for the purpose of crediting the Magnolia Petroleum Company with the oil, and proceeds thereof, disposed of after December 15, 1919.

It is contended by petitioners that the legal title to the property vested in the president and directors as trustees by operation of law immediately upon the consummation of the necessary steps to effect the dissolution, and that the sale of the property made thereafter was for the benefit of the creditors and stockholders and not for the company. Various decisions of the Texas courts are relied upon to sustain this position, but we do not consider them in point.

Under the law of Texas, the existence of a corporation may be extended for three years for the purpose of settling its affairs. Vernon's Annotated Civil Statutes Texas, art. 1389. Article 547 Tr. Reg. 45, (1920), adopted to cover situations such as here presented, provides in part as follows: "When a corporation is.dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss."

This is a reasonable regulation, and should be given effect. Universal Battery Co. v. U. S., 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051.

It may be doubted that the contract of sale was merely executory. Except for executing the formal deed, there was nothing to be done. The price, the thing, and the effective time of delivery, December 15, 1919, had been agreed upon. But, if it was executory, it was still the contract of the company to be executed before there could be any liquidation of its affairs. Conceding for the purpose of argument that the legal title to the property vested in the trustees by the dissolution, no part of the title passed to the stockholders thereby. The real owner was still the company until such time as its affairs were liquidated, the debts paid, and the residue distributed to the stockholders. The profit on the transaction was earned by the corporation, and the assessment of the taxes based thereon was valid.

We concur in the disposition of the case made by the Board of Tax Appeals.

The petition is denied.