## COMMISSIONER OF INTERNAL REVENUE v. ATHERTON et al.

### No. 6412.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Wm. Cutler Thompson, and Norman D. Keller, Sp. Asst. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and J. K. Polk, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Bernhard Knollenberg, of New York City (Robertson & Castle, of Honolulu, Hawaii, and Lord, Day & Lord, of New York City, of counsel), for respondents.

Before WILBUR, and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This is a petition to review a decision of the Board of Tax Appeals (19 B. T. A. 1172), which held that the respondents were not taxable under the Revenue Acts of 1921 and 1926 for income taxes for the years 1922, 1923, and 1925. The respondents are trustees under a deed of trust dated May 1, 1922, by which the Honolulu Rapid Transit Company, Limited, an Hawaiian corporation, conveyed to them certain lands for the benefit of the stockholders of the company.

By its original charter the Honolulu Rapid Transit Company, Limited, was authorized to purchase, hold, sell, and deal in lands, etc. In 1921 the company was granted a new charter, the purpose of which was to confine the company to a fair return on its property actually used for public utility purposes. Thereupon the properties of the

company which could not be utilized for public utility or railway purposes were transferred to the respondents, as trustees, to be sold when favorable terms could be arranged; in the meantime the trustees to pay taxes and expenses,· collect rents, and· distribute the proceeds to the stockholders of the company, who were the beneficiaries of the trust. This method of disposal of the nonutility properties was approved by the stockholders of the company, and they were issued certificates of interest in the trust in proportion to their stock holdings in the company. The property so transferred consisted of seven parcels, three of which were sold in 1922, one in 1923, and one in 1925, and the money distributed to the certificate holders. The question for consideration is, Was the trust referred to an association taxable as a corporation under the Revenue Acts of 1921 and 1926?

█ The purpose for which the trust was formed was liquidation and distribution of the real estate holdings of the Honolulu Rapid Transit Company, Limited, which could not be utilized by the company for transit purposes. With the conveyance of the property to the trustees, the grantor lost all control thereover. There was and is nothing that required the time, attention, or labor of any one for profit or for livelihood. The beneficiaries had and have a common interest, but no immediate right to voice any authority, directly or indirectly, in the management of the property. Crocker v. Malley, 249 U. S. 223, 225, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601. And no obligation rested on them for any liability for debts. The land was listed with land agents for sale and sold by others than the trustees for cash in hand, or "within a short time." No mortgages were taken and no papers discounted. No office or place of business was maintained. Sales were kept track of by one Davis, and the money deposited in bank and later distributed to the beneficiaries, on instructions given by the trustees. Such activities as the trustees exercised were in furtherance of liquidation and distribution. It is conceded by the record that the trustees did no business except to collect rent on the parcels involved, pay taxes and expenses thereon until sold, and distribute the net proceeds to the certificate holders as proceeds became available.

Regulation 69 of article 1504 provides: "Where trustees merely hold property for the collection of the income and its distribution among the beneficiaries of the trust and are not engaged, either by themselves or in connection with the beneficiaries in the carrying on of any business, and the beneficiaries have no control over the trust, although their consent may be required for the filling of a vacancy among the trustees or for a modification of the terms of the trust, no association exists, and the trust and the beneficiaries will be subject to tax as provided by section 219. * * *"

Section 219 (a) of the Revenue Act of 1921 (42 Stat. 246) provides:

"That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including: * * *

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct."

Section 219 (a) (4) of the Revenue Act of 1926 (44 Stat. 32) provides: "Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated."

In White v. Hornblower (C. C. A.) 27 F. (2d) 777, 778, a real estate development company was organized to develop tracts of land in New Mexico and Colorado. It was unsuccessful. The security holders were widely scattered. The trustees were given full power to take "such steps and measures as will insure the most prompt and efficient realization upon the values in the Costilla property and a winding-up of its affairs and the affairs of this trust. * * * The provisions of the trust deed might be modified by the trustees, if assented to by a majority of the certificate holders." The court held it to be a strict trust, and not an association within the revenue laws.

In United States v. Emery, 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825, certain land was occupied for dry goods business by Emery & Co. Some of the lands were leased. Before enactment of the tax laws, some members of Emery & Co. organized the claimant to acquire the lands occupied by the dry goods company and lease them to the company; it taking the management and assuming responsibility in respect thereto. The only business the claimant did was to collect and distribute rents received. The charter powers of the claimant included performance, and enforcing performance, of the respective covenants in the lease taken over, and the sale of the property or any part of it, upon the vote of not less than two-thirds of the stockholders, who were very nearly the

same as those of the company. It was also covenanted to rebuild in case the buildings were destroyed. There was no occasion to perform any of these undertakings. The court held it a trust, saying, at page 32 of 237 U. S., 35 S. Ct. 499, 501: "The claimants' characteristic charter function, and the only one that it was carrying on, was the bare receipt and distribution to its stockholders of rent from a specified parcel of land."

In Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 S. Ct. 361, 55 L. Ed. 428, it was held that an organization formed as a holding concern of real estate for distribution and liquidation, and incidental activity, as collection of rents, sale of property, payment of taxes, etc., and distribution of the accumulated proceeds, is not doing business. This was indorsed in United States v. Emery, supra.

 The controlling feature of a trust is an association of individuals for administration of an estate for liquidation and equitable distribution, and the controlling distinction of an association is an association of individuals for administration of an estate for convenience and profit. In Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, the trustee was conducting business. In the instant case the trustees are holding parcels of land for an opportunity to sell, collecting rents and paying taxes and distributing available funds, and it is a strict trust. Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601; White v. Hornblower (C. C. A.) 27 F.(2d) 777; Blair v. Wilson Syndicate Trust (C. C. A.) 39 F.(2d) 43; Lucas v. Extension Oil Co. (5th C. C. A. Feb. 18, 1931) 47 F.(2d) 65, par. 663, Prentice-Hall, 1931 Federal Tax Service; Allen v. Commissioner (2d C. C. A. May 11, 1931), 49 F.(2d) 716, par. 1209, Prentice-Hall, 1931 Federal Tax Service.

The appellant moves, in the event the court holds the land trust to be a strict trust, that this court reverse the order of the Board of Tax Appeals denying a rehearing, and that the case be remanded to the Board of Tax Appeals to determine the tax due from the trust by reason of the increased value of the land at the date of sale over the value on March 1, 1913. The record discloses that the proceeds of the sales were immediately distributed, and it is stipulated that the trustees did no business except to collect and distribute the net proceeds available, and the payment of any income fell within section 219 (a) (4), supra, and accordingly the certificate holders were subject to a tax.

The decision of the Board of Tax Appeals is affirmed.