## S. A. MACQUEEN CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5147.

Circuit Court of Appeals, Third Circuit.

Dec. 12, 1933.

Rehearing Denied Jan. 16, 1934.

Alfred S. Weill, of Philadelphia, Pa., Albert S. Lisenby, of Washington, D. C., and Weill, Blakely & Nesbit and Middleton, Blakeley & Richardson, all of Philadelphia, Pa., for petitioner.

Pat Malloy, Asst. Atty. Gen., and F. Edward Mitchell and Sewall Key, Sp. Assts. to Atty. Gen. (E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and Wilford H. Payne, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals pursuant to the Revenue Act of 1926, c. 27, §§ 1001 to 1003 (26 USCA § 1224 and note, §§ 1225, 1226). The petitioner was a Pennsylvania corporation. On February 1, 1927, at a meeting of the three stockholders who owned the entire outstanding stock of the petitioner and who were also its directors, a resolution was passed authorizing the board of directors to sell real estate owned by the petitioner to S. A. MacQueen, its president, director, and majority stockholder, for the sum of $85,000. Following this meeting and on the same day, a resolution was adopted by the board of directors accepting an offer by MacQueen of $85,000 for the real estate. The following day MacQueen entered into an agreement with Henry Reed Hatfield to convey the real estate to the latter for a consideration of $150,000. On February 11, 1927, in conformity with a prior understanding among the three stockholders, MacQueen executed a declaration of trust in which he recited the agreement of the petitioner to convey the real estate to him for $85,000, his agreement to convey the same to Hatfield for $150,000 and his intention to distribute the profits to the stockholders in proportion to their holdings. On March 1, 1927, the petitioner conveyed title to MacQueen and on the same day MacQueen conveyed title to Hatfield. Subsequently MacQueen, in accordance with his declaration of trust, distributed $65,324.30, representing the profits of the sale and interest thereon, to himself and the other two stockholders. Each of the stockholders included the amount so received by him in his income tax return. The petitioner, in its income tax return, reported as income a sum representing the difference between the purchase price of the real estate and the $85,000 which it received from MacQueen. The petitioner was at all times solvent and all creditors were paid in full. On August 3, 1927, the petitioner was dissolved.

The Commissioner held that the sale to MacQueen was not bona fide and added $65,-000 to the petitioner's income as unreported profit. The Board of Tax Appeals held that the sale was not an arm's length transaction and that, looking through form to substance, the sale to Hatfield was actually made by the petitioner, and the profits from the sale were therefore taxable to the petitioner. It sustained the action of the Commissioner.

The principle that substance and not form should control in the application of income tax laws [United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; Labrot v. Burnet, 61 App. D. C. 47, 57 F.(2d) 413; Reed v. United States (C. C. A.) 51 F.(2d) 941] may be invoked in the instant case. Although in form there were two sales of the corporate real estate, first, the purported sale by the petitioner to MacQueen, and, second, the sale by MacQueen to Hatfield, in substance the transaction was a sale by the petitioner to Hatfield through the agency of MacQueen. So also, although in form MacQueen was a trustee for the distribution of the profits earned by the sale of his own real estate to Hatfield, in substance he was the agent of the petitioner for the distribution of the profits from the sale of the corporation's real estate among its stockholders.

The corporate tax rate imposed by the applicable taxing statutes is higher than the individual rate. The obvious purpose of the procedure followed by the petitioner, its directors, and stockholders, was to take advantage of the lower tax rate permitted individuals and thereby avoid the corporate tax rate on the profits of the ultimate sale of the real estate. Such anticipatory arrangements and contracts, intended to circumvent the taxing statutes, are not looked upon with favor. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Phelps v. Commissioner (C. C. A.) 54 F.(2d) 289, certiorari denied 285 U. S. 558, 52 S. Ct. 458, 76 L. Ed. 946.

We conclude that the profit, representing the difference between the price of the real estate upon its purchase by the corporation and the price paid by Hatfield, should be taxed to the petitioner at corporate rates. The decision of the Board of Tax Appeals is affirmed.