**STEINBERGER et al. v. UNITED STATES.***

No. 7789.

Circuit Court of Appeals, Ninth Circuit.

Feb. 17, 1936.

Ackerman, Wayland & Mathews, L. S. Ackerman, Charles R. Wayland, Philip S. Mathews, Heller, Ehrman, White & McAuliffe, and F. W. Tenney, all of San Francisco, Cal., for appellants.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John MacC. Hudson, Frank J. Ready, Jr., and Maurice J. Mahoney, Sp. Assts. to Atty. Gen.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

The United States filed its bill of complaint against Robert Steinberger, Irwin Steinberger, and S. F. Berg, praying that certain assets received by them from Steinberger Bros. & Co., a corporation, be 'decreed to constitute a trust fund for the payment of a deficiency of $32,518.12 assessed to the corporation as income tax for the year 1921, and that they be held accountable therefor and ordered to pay the amount of said deficiency. While the suit was pending in the District Court, Berg died, and his executor, Wells Fargo Bank & Union Trust Company, was substituted as a party defendant. From a decree in favor of the United States, all the defendants have appealed.

The facts, as the District Court found them, are as follows:

The corporation was organized on December 31, 1920, and thereafter engaged in the business of manufacturing and importing gloves. Between the date of its organization and July 1, 1921, the corporation secured contracts for the sale in the United States of gloves to be imported by it from Germany. On July 1, 1921, before delivery of the gloves had been made, legal title to the contracts was transferred by the corporation to Adolph Steinberger, as trustee for the corporation and its stockholders. Sale and delivery of the gloves, pursuant' to the contracts, were made by the trustee and the officers of the corporation prior to December 31, 1921. The proceeds of these

*Rehearing denied March 30, 1936.

sales were received by the trustee, and the profits therefrom were paid to the stockholders of the corporation in proportion to their holdings of its stock.

On April 10, 1922, the corporation filed its income tax return for 1921, but did not report as income, or pay any tax on, the profits received from the sales made by the trustee under the above-mentioned contracts. The Commissioner of Internal Revenue determined that these profits were taxable to the corporation as part of its income and, accordingly, made the deficiency assessment here involved. No part of this assessment has been paid.

The corporation was dissolved on September 11, 1922. Immediately thereafter all its assets were distributed to its stockholders in proportion to their holdings of its stock. It had outstanding 1,500 shares, having a par value of $100 each, of which Robert Steinberger and Irwin Steinberger each owned 375 shares, and Berg owned 225. The assets so distributed equaled in value the par value of the stock, so that Robert Steinberger and Irwin Steinberger each received assets worth $37,500, and Berg received assets worth $22,500. The distribution of its assets left the corporation without any money, property, or means of paying the above-mentioned assessment.

In appellants' assignment of errors filed in the District Court some of these findings of fact were assigned as error, but, in their specification of errors filed in this court, the findings are not complained of or referred to. All assignments of error based on the trial court's findings are therefore deemed abandoned. Even if not abandoned, they would be of no avail, since the findings are amply supported by the evidence.

Upon the facts so found, the trial court held that the profits derived from the sales referred to constituted taxable income of the corporation. That holding was assigned and is specified as error. This is appellants' only specification. It is without merit. A corporation cannot escape income tax liability by assigning to a trustee, for the benefit of itself and its stockholders, the business or property from which its income is to be derived. S. A. MacQueen Co. v. Commissioner (C.C.A.3) 67 F.(2d) 857, 858; Northwest Utilities Securities Corporation v. Helvering (C.C.A.8) 67 F.(2d) 619, 621; Hellebush v. Commissioner (C.C.A.6) 65 F.(2d) 902, 903; Burnet v. Lexington Ice & Coal Co. (C.C.A.4) 62 F.(2d) 906, 908; Van Meter v. Commissioner (C.C.A.8) 61 F.(2d) 817, 819; Taylor Oil & Gas Co. v. Commissioner (C.C.A.5) 47 F.(2d) 108, 109. See, also, West v. Commissioner (C.C.A.3) 68 F.(2d) 246, 248.

The cases relied on by appellants, Iowa Bridge Co. v. Commissioner (C.C.A.8) 39 F.(2d) 777, and Nelson v. Ferguson (C.C.A.3) 56 F.(2d) 121, are not in point. They dealt with assignments to assignees who were not trustees. We are here dealing with an assignment by a corporation to a trustee for the benefit of itself and its stockholders. The distinction is obvious.

The assessment being valid as against the corporation, now dissolved, the transferee liability of appellants, to the extent of the value of the corporate assets respectively received by them, cannot be denied. Phillips v. Commissioner, 283 U.S. 589, 592, 51 S.Ct. 608, 75 L.Ed. 1289; Pann v. United States (C.C.A.9) 44 F.(2d) 321, 322.

Decree affirmed.