### FIRST NAT. BANK OF GREELEY, COLO., v. UNITED STATES.

No. 1435.

Circuit Court of Appeals, Tenth Circuit.

Dec. 14, 1936.

Caldwell Martin, of Denver, Colo. (Marmaduke B. Holt, Jr., and Terrell C. Drinkwater, both of Denver, Colo., on the brief), for appellant.

Maurice J. Mahoney, of Washington, D. C. (Robert H. Jackson, Asst. Atty. Gen., J. Louis Monarch and Joseph M. Jones, Sp. Assts. to the Atty. Gen., and Thomas J. Morrissey, U. S. Atty., and Ivor O. Wingren, Asst. U. S. Atty., both of Denver, Colo., on the brief), for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

## McDERMOTT, Circuit Judge.

Appellant filed its petition to recover $2,482.59 income taxes paid under protest for the 1931 tax year, and for $3,287.88 similarly paid for the 1932 tax year. The trial court sustained a demurrer to the petition; appellant elected to stand and judgment went against it. 9 F.Supp. 28.

The controversy grows out of a transaction by which appellant acted as trustee to realize upon the assets of a corporation in process of dissolution and distribute the proceeds, after payment of expenses, taxes, and debts if any, to the stockholders. Appellant contends that the transaction should be treated as if the corporation had distributed its assets in kind to the stockholders, and they in turn had conveyed to a trustee of their selection. Appellee contends the transaction should be treated as it is and not as it might have been, and that the statute and a valid regulation squarely cover the case.

Section 52, Revenue Act 1928 (26 U.S. C.A. § 52 and note), requires corporations to make return of income which is taxed at the corporate rate. Tr. Reg. 74, Art. 71, provides:

"When a corporation is dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. (See Sections 274 and 298 and Articles 1191 and 1192.) Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss period. No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since their acquisition."

This regulation, in almost identical words, has been in effect since 1918. Reg. 45, Art. 547; Reg. 62, Art. 548; Reg. 65, Art. 548; Reg. 69, Art. 548. Congress, with knowledge of this regulation, has repeatedly revised the income taxing statutes; none of the later acts in any way impinged upon this long standing regulation. This is such direct and convincing proof of legislative approval of the regulation that the courts would not be warranted in overturning it unless it is clearly inconsistent with a statute. Mass. Mutual Life Ins. Co. v. U. S., 288 U.S. 269, 273, 53 S.Ct. 337, 76 L.Ed. 739; Burnet v. Brooks, 288 U.S. 378, 53 S.Ct. 457, 76 L.Ed. 844, 86 A.L.R. 747; Old Colony R. Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; Brewster v. Gage, 280 U.S. 327, 337, 50 S. Ct. 115, 74 L.Ed. 457; City of Roswell v. Mountain States Telephone & Tel. Co. (C. C.A. 10) 78 F.(2d) 379, 382. The regula-

tion is not inconsistent with the statute; it does no more than cover a situation, in harmony with the general plan of the statute, with which Congress did not explicitly deal. That is a proper function of a regulation. Nor can there be any fair argument as to the constitutional power of Congress to provide that the scheme of corporate taxation shall not be defeated by the device of conveying its properties to a trustee for the purpose of carrying out the normal corporate function of converting its assets into cash in order to make distribution to its stockholders as an incident of dissolution.

The regulation recognizes the power of the corporation to distribute its assets in kind upon liquidation without recognition of corporate gain or loss. The nub of the controversy is therefore here: Was this a distribution in kind to its stockholders, or was it a corporate liquidation through a trustee?

■ The answer will be found in the facts alleged in the petition, disregarding the conclusions of law and fact with which the petition is replete. The facts are clear and govern; conclusions or characterizations of counsel which they see fit to incorporate in the petition are no more persuasive or binding than the same argument in their briefs. Rishel v. Pacific Mut. Life Ins. Co. of California (C.C.A. 10) 78 F. (2d) 881, 886, and controlling authorities there cited.

On May 3, 1930, the Cross Gas Company sold to the Ohio Oil Company certain oil and gas leases, royalty interests, real estate, and personal property, for the sum of $125,000 cash and a further sum reckoned upon the settled production of test wells to be thereafter drilled; if the wells averaged more than 224 barrels a day, $1,000 additional was to be paid for each barrel above that, with a maximum limit of $375,000; such additional payments to be made, however, "only out of 25 per cent of the first net oil produced, saved and marketed from the well under which the amount of any bonus to be paid hereunder is established," unless the purchaser desired to shut down such well, in which event another method of payment was available.

Having thus disposed of its properties, the stockholders on May 27, 1930, voted to dissolve; the statutory notices were run and the corporation formally dissolved on July 10, 1930. The corporation made a tax return for the year 1930 up to the time of dissolution which reported the $125,000 first payment on the sale.

Meanwhile, and on June 7, 1930, the Cross Gas Company, as a corporation and under its seal, assigned to appellant in trust "all its remaining property * * * real or personal now owned by said company." A schedule of such properties is attached to the assignment but is not incorporated in this record. The contract with the Ohio Company was specifically assigned.

The declared purpose of the assignment was:

"Whereas, The stockholders of The Cross Gas Company have taken action to dissolve said corporation in accordance with the provisions of the statutes of the State of Wyoming, and incident to such dissolution said Company is desirous of winding up and settling its affairs and disposing of all its remaining property as hereinafter provided."

The assignment was in trust for 22 stockholders in proportion to their stock holdings, ranging from 3-½ shares to 2399-½; appellant agreed to issue its transferable certificates to the beneficiaries, and two-thirds of the certificates in amount were granted the power to direct the trustee consistently with the terms of the trust.

Among the powers and duties of the trustee were the following:

"Said trustee, * * * shall sell and convert into cash the aforesaid assets and property not yet converted into cash, and shall collect and receive all moneys due and/or paid upon, or on account of, said contract of May 3, 1930, or due and payable to said The Cross Gas Company on any other account, and disburse and pay over all cash and moneys collected and received by it hereunder as follows: Said Trustee shall first pay all debts, if any, of said The Cross Gas Company including any amounts due on account of federal or state taxes, and also all necessary and reasonable expenses incident to the execution of the trust hereby created, and shall disburse and pay over, from time to time, as such funds are available for such purpose, the amount or amounts then remaining, to the said persons hereinafter named."

"Said Trustee, the First National Bank of Greeley, is hereby authorized and empowered to make, execute, acknowledge and deliver, any and all assignments, transfers, conveyances, deeds and instruments of writing necessary or incident to the sale

or disposition of any of the real or personal property forming any part of the trust estate hereby created or conveyed, and to do all such acts and to bring, prosecute and maintain all such actions and proceedings as shall, 'in its discretion, be deemed necessary and proper to enforce the collection of all of said moneys due under said contract of May 3, 1930, or otherwise, and to enforce and protect all rights accruing by virtue of the execution of this instrument, and to that end and for all purposes connected with, or incident to, the execution of the trust hereby created, said Trustee is hereby authorized and empowered to employ counsel and to incur all reasonable and necessary expenses, and to pay all expenses so incurred, including counsel fees and reasonable compensation to said Trustee for its services, out of moneys collected by, or paid to, said Trustee hereunder, before and in preference to payments or disbursements to be made hereunder to said beneficiaries as hereinbefore provided."

The petition then alleges:

"That said test well was not fully drilled, and said testing operations were not completed and said test period did not expire until September 22, 1930, on which date, but not before, it was determined that, under the aforesaid contract of May 3, 1930, the former stockholders of said dissolved corporation, through the medium of the plaintiff as Trustee for said individuals, were entitled to receive the additional sum of Three Hundred Seventy-Five Thousand Dollars ($375,000.00) payable out of twenty-five per cent of the first net oil produced and marketed from said test well, without interest, or in an amount not less than Thirty Thousand Dollars ($30,000.00) per year over a period of twelve and one-half (12-½) years."

Upon dissolution the Cross Company ceased operations, and the trustee did not carry on the business as it was conducted by the corporation before dissolution.

Appellant, contending it was a trustee for the individuals, claimed it was obligated to file a fiduciary return only and subject to no tax. The Commissioner required it to file a corporate return as trustee for the dissolved corporation, and pay a tax on the income from the Ohio contract as well as other income received, less interest paid, counsel and trustee fees and other proper deductions. Such return was made and the tax paid under protest, the protest not reaching the point however that it was not entitled to return payments on the sale in the year received.

It seems entirely clear that appellant is trustee for the corporation. It was to convert assets into cash; collect on this large contract, and if necessary sue on it, and it was such a contract as might well have resulted in litigation; it was to pay taxes and debts; it was measurably subject to the control of the stockholders. In fact, it carried out the liquidation precisely as the corporation would have done if it had completed the task. Conceding that the corporation might have distributed these assets, including this contract, in kind to the stockholders, and that the stockholders might then have selected a trustee and assigned to it, and thus avoided a corporate tax—this was not in fact done. Doubtless because of the inconvenience of such a transaction, perhaps because it could not be sure each stockholder would assign to a trustee, or the same trustee, or for other reasons we know not of, this was not done, and we cannot decide this case on what might have been done. Before dissolution, the corporation selected the trustee, assigned its property to it, agreed upon its powers—in fact, did everything which was done. The stockholders did nothing except vote to dissolve.

The conclusion reached is supported by the following authorities, each of which reached the same conclusion in essentially the same circumstances: Taylor Oil & Gas Co. v. Commissioner (C.C.A. 5) 47 F.(2d) 108; Id., 283 U.S. 862, 51 S.Ct. 655, 75 L.Ed. 1467; S. A. MacQueen Co. v. Commissioner (C.C.A. 3) 67 F.(2d) 857; Northwest Utilities Securities Corp. v. Helvering (C.C.A. 8) 67 F.(2d) 619; Id., 291 U.S. 684, 54 S.Ct. 561, 78 L.Ed. 1071; Hellebush v. Commissioner (C.C.A. 6) 65 F.(2d) 902; Boggs-Burnam & Co. v. Commissioner, 26 B. T. A. 988, affirmed (C.C.A.) 71 F.(2d) 999; Steinberger v. United States (C.C.A. 9) 81 F.(2d) 1008. We have considered appellant's authorities but they are not persuasive. It is no answer to say that the method of liquidation afforded by the Wyoming statutes was not followed. We are concerned only with what was done. But it would seem, from an examination of sections 5441–5444, Wyo.Comp.St.1920, that even if the liquidation had been accomplished by the directors as trustees, the result would be the same.

Appellant makes an alternative and perhaps inconsistent contention. The corpo-

ration did not return its entire profit on the sale to the Ohio Company in its 1930 return, accounting only for the $125,000 cash payment. While it was highly speculative as to whether additional payments ever would be due, there was of course some value to that chance. Appellant, although protesting its obligation to make any return, returned only the amounts received during the years 1931 and 1932. Neither the corporation nor appellant offered or suggested that the entire profit be estimated and commuted and returned in one year. Appellant now contends that the entire profit should have been returned by the corporation in 1930, as the privilege of an installment return on an installment sale was cut off by the assignment to the trustee. Reliance is had upon section 44 (d), Revenue Act 1928 (26 U.S.C.A. § 44 and note) which reads:

"If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. * * * 'The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full."

■ The statute of limitations has now run on the 1930 tax. We do not stop on the interesting question as to whether, having elected to return only the amount received in 1930, a different position may be taken by its trustee after the statute has run, even where there is no concealment of the facts. Such a hide-and-seek method should not be permitted to prejudice the government revenues if it can fairly be avoided. United States v. Pettigrew (C.C.A. 9) 81 F.(2d) 666; Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647; Commissioner v. Farren (C.C.A. 10) 82 F.(2d) 141; Bothwell v. Commissioner (C.C.A. 10) 77 F.(2d) 35; Commissioner v. Moore (C.C.A. 10) 48 F.(2d) 526; Moore v. Burnet, 284 U.S. 620, 52 S.Ct. 8, 76 L.Ed. 528. Cf. Hulburd v. Commissioner, 296 U.S. 300, 56 S.

Ct. 197, 80 L.Ed. 242; Tide Water Oil Co. v. Commissioner, 29 B. T. A. 1208.

■■ There are at least two reasons why this contention is unfounded. The first is that it assumes that the corporate life was not extended for taxation purposes over the period of distribution by its trustee. By assuming that which remains to be proven, the argument is a complete circle. The provisions as to "distribution, transmission, or disposition," contained in section 44(d) was for the purpose of preventing taxpayers from escaping a tax by transferring installment obligations to another. Lawler v. Commissioner (C.C.A. 9) 78 F. (2d) 567; Nuckolls v. United States (C.C. A. 10) 76 F.(2d) 357; Crane v. Helvering (C.C.A. 2) 76 F.(2d) 99. It has no application to a situation where an assignment is made to an alter ego for convenience. If the corporate life was extended by the regulation relied upon, as we have held, then there was no distribution as contemplated by section 44(d). If McLeod v. United States, decided by the Supreme Court of the District of Columbia, November 11, 1935, is contrary, which we doubt, then we disagree. It is true that the option of installment taxes on installment sales is with the taxpayer, Revenue Act 1926, § 212(d), 44 Stat. 23, but both the corporation and its trustee so elected. The protest did not go to this election, but to the obligation to file any return.

The judgment is affirmed.