## COMMISSIONER OF INTERNAL REVENUE v. MERCHANTS NAT. BLDG. CORPORATION et al.

### No. 10352.

Circuit Court of Appeals, Fifth Circuit.

Nov. 24, 1942.

Joseph M. Jones, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Geo. E. H. Goodner, of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The petition for review involves the respondent's liability for income and excess profits taxes for the years 1935 and 1936.

The opinion of the Board of Tax Appeals is reported, 45 B.T.A. 417.

Merchants Securities Corporation was organized in 1922 by the Merchants National Bank of Mobile, Alabama, for the purpose of carrying on types of business which could not be engaged in directly by the bank. The stockholders of the National Bank were beneficial owners of the stock of the Securities Corporation. The Securities Corporation owned and managed the premises occupied by Merchants National Bank. In 1934, because of the provisions of Section 20 of the Banking Act of 1933, C. 89, 48 Stat. 162, 12 U.S.C.A. § 377, it was deemed impossible for the National Bank's affiliate to continue legally in the general securities business. In May, 1934, Merchants Securities Corporation changed its name to Merchants National Building Corporation, and by resolution and trust indenture transferred its assets, other than the bank building, to Merchants National Bank of Mobile, as trustee, for the purpose of "an orderly, economical, and efficient liquidation of the assets * * * aside from the bank building * * * without undue sacrifices." The trust department of the bank administered the trust created by the indenture of May 31, 1934, until the trust was terminated in 1937, when the residue of the funds on hand was conveyed into the bank's undivided profits account. After May 31, 1934, the Merchants National Building Corporation engaged in no activities other than the owning and managing of the bank building. The only income involved in this proceeding is that derived entirely out of assets conveyed to the bank, as trustee, under the May, 1934, indenture.

The Commissioner contends that the Board erred in holding that the income derived from the transferred assets was not taxable at corporate rates as income of the grantor corporation; and that it erred in refusing to invoke the provisions of Article 22(a)-21 of Treasury Regulations 86, promulgated under the Revenue Act of 1934, which article requires a trustee in dissolution to return the income at the corporate rate. The cases relied upon by the Commissioner were all concerned with situations where transfers of corporate assets were made as a part of, or in connection with, a plan for dissolution. See First National Bank of Greeley v. United States, 10 Cir., 86 F.2d 938; Taylor Oil & Gas Co. v. Commissioner, 5 Cir., 47 F.2d 108; Northwest Utilities Securities Corporation v.

Helvering, 8 Cir., 67 F.2d 619; Hellenbush v. Commissioner, 6 Cir., 65 F.2d 902; Burnet v. Lexington Ice & Coal Co., 4 Cir., 62 F.2d 906; O'Sullivan Rubber Co. v. Commissioner, 2 Cir., 120 F.2d 845.

Cases of this nature must be decided upon their particular facts, and in the case at bar the contention of the Commissioner is confronted with the unequivocal finding of the Board of Tax Appeals that dissolution of the Securities Corporation was not contemplated in May, 1934. "The record negatives the conclusion that dissolution was contemplated prior to September 1934, four months after the May 1934 transfer of assets to the bank in trust for the stockholders." In its written opinion the Board further found that the bank's duty under the trust instrument of May 31, 1934, was merely to liquidate the assets, pay off the creditors, and retain the remainder for the benefit of its stockholders, and that the trust "was intended to be, and was, merely a liquidating trust * * * without extraordinary operations on the part of the bank." We find nothing in the record or in the applicable law which requires an overturning of the findings and conclusions of the Board. Cf. Fidelity National Bank & Trust Co. of Kansas City v. Com'r, 37 B. T.A. 473; Louisville Property Company v. Com'r, 47 B.T.A. 23.

The petition is denied, and the decisions of the Board of Tax Appeals affirmed.