**KORTH, Collector of Internal Revenue, v. MOUNTAIN CITY COPPER CO.**

No. 3756.

United States Court of Appeals Tenth Circuit.

April 11, 1949.

Wm. B. Waldo, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., and Dan B. Shields, U. S. Atty. and S. M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellant.

W. Q. Van Cott, of Salt Lake City, Utah, for appellee.

Before BRATTON and HUXMAN, Circuit Judges and SAVAGE, District Judge.

SAVAGE, District Judge, delivered the opinion of the court.

This appeal involves the interpretation and validity of the treasury regulation pertaining to capitalization of mine development costs recoverable through depletion.

The taxpayer acquired mining property on October 1, 1932. Its expenditures for development were charged to the capital account monthly. Its books of account were kept on an accrual basis. As of September 30, 1935, the capitalized development expenditures amounted to $376,-236. The taxpayer commenced the sale of ore in October, 1935, and from October 1, 1935, to February 16, 1936, the net receipts from sales were credited to the capital account. Much of the ore sold had been mined prior to October, 1935, and stockpiled. During the last three months of 1935, the total net receipts credited was $256,685.02, thus reducing the capital account to $119,550.98. The net receipts from ore sales during the period from January 1, 1936 to February 16, 1936, resulted in a further reduction of the capital account to $87,710.91.

These net receipts from ore sales were credited to the development capital account by the taxpayer on the theory that under the applicable regulation the mine was in the development stage until February 16, 1936, and that development costs could be partially recovered from receipts for minerals sold during the development period and the balance of such costs

charged to the capital account and recovered through depletion.

The regulation relied on by the taxpayer is Treasury Regulations 86, Art. 23(m)-15 (a), promulgated under the Revenue Act of 1934, reading as follows:

"Allowable Capital Additions in Case of Mines.—(a) All expenditures in excess of net receipts from minerals sold shall be charged to capital account recoverable through depletion while the mine is in the development stage. The mine will be considered to have passed from a development to a producing status when the major portion of the mineral production is obtained from workings other than those opened for the purpose of development, or when the principal activity of the mine becomes the production of developed ore rather than the development of additional ores for mining."

The taxpayer did not include in tax returns the income from sales of ore during the period in question as a part of its gross income for 1935 or 1936. Additional taxes were assessed, paid under protest and this suit brought against the Collector to recover the amount paid. The trial court made detailed findings of fact and an ultimate factual finding that the mine was in the development stage until February 16, 1936. The court concluded that, while receipts from the sales of minerals extracted during the development period were income which would be includible in gross income except for the pertinent regulation, such regulation provides for the deduction of net receipts from minerals sold from total expenditures during the development stage and thus the net receipts constitute return of capital expended for development. Judgment was entered for the taxpayer and this appeal followed.

The Collector does not challenge here the findings of fact made by the court below. Two contentions are made by the Collector: (1) That the regulation does not authorize crediting the net receipts to the capital account; and (2) that, if the regulation be so interpreted, it is invalid.

The Collector concedes that income from mineral sales during the portion of the development stage in which monthly expenditures exceeded such income may properly be treated as recovery of capital and should not be included in gross income. Such income becomes, in effect, a recovery of capital through the process, admittedly authorized by the regulation, of charging to the capital account only development expenditures in excess of net receipts from minerals sold. But it is argued that, for the months during the development period when income exceeded expenditures, such excess of income may not be treated as recovery of capital and must be considered gross income.

The taxpayer, on the other hand, contends that the development period must be considered in its entirety and that all income from minerals sold while the mine is in the development stage is treated as recovery of capital by the process of charging to the capital account only the excess of expenditures over net receipts from minerals sold during the entire development period.

We think the regulation must be interpreted as contended by the taxpayer. The controversy resolves itself into a question of whether in applying the regulation the development period should be regarded as a single unit as urged by the taxpayer or whether the development period may be considered on a month to month basis as suggested by the Collector. It is clear from the first sentence of the regulation that reference is made to all expenditures while the mine is in the development stage. The regulation appears to contemplate that, when the development stage has terminated and the mine passes into the producing stage, the expenditures in excess of receipts from sales should be added to the capital account recoverable through depletion. The taxpayer accomplishes this result by charging to the capital account on a month to month basis expenditures in excess of income and, in turn, crediting to the capital account monthly any income in excess of expenditures. The regulation contains no language indicating that the excess of expenditures over net receipts to be charged to the capital account is to be determined during any fractional part of the development period.

■ Nor is the regulation, thus interpreted, invalid on the theory that such an interpretation exempts income from taxation without statutory sanction. The function of a regulation is to carry into effect the will of Congress as expressed by statute. Manhattan Co. v. Commissioner, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528. Its proper function is to cover a situation in harmony with the objective of the statute with which Congress did not explicitly deal. First National Bank of Greeley, Colorado v. United States, 10 Cir., 86 F.2d 938. The 1934 Revenue Act authorizes the recovery of capital in respect of mines though reasonable allowances for depletion under rules and regulations to be prescribed by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury. See Revenue Act of 1934, 48 Stat. 680, Sections 22(a), 23(a) (1), (m) and (n), 113 and 114, 26 U.S.C.A.Int.Rev. Acts, pages 669, 671, 673, 674, 696, 701. The statutory provisions, implemented by the regulation under consideration, contemplate the recovery of mining development costs by two methods: (1) from net receipts from minerals sold during the development stage; and (2) through depletion by charging to the capital account expenditures not recovered by sale of minerals during development.

■ This regulation was promulgated in substantially its present form in 1921 and has been continuously in effect since that time under successive revenue acts. It was promulgated in its present form under the Revenue Act of 1934. With knowledge of the existence of the regulation, Congress has from time to time revised the income tax statutes without indicating disapproval of the regulation. It must be presumed, therefore, that the regulation has congressional approval and it should not be invalidated by the courts unless it is clearly inconsistent with the statutes. First National Bank of Greeley, Colorado v. United States, supra.

Both the Collector and the taxpayer rely on language to be found in London-Butte Gold Mines Co. v. Commissioner, 10 Cir., 116 F.2d 478, in support of their respective contentions. But the case is not in point. The sole question for decision there was whether income derived from the sale of minerals accrued to the taxpayer during the development stage or after the mine had entered into a producing status. It was held that, since the income accrued to the taxpayer after the mine was in a producing status, the regulation had no application to the income in question.

Affirmed.